# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACKIE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:01-CV-1223 CAS |
| ) | |
| GARY B. KEMPER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before Court on the parties' motions in limine which were heard and argued on the record at the pretrial conference held July 7, 2005. In accordance with the rulings announced from the bench,

**IT IS HEREBY ORDERED** that defendants' motion in limine is **GRANTED in part** and **DENIED in part** as follows: the motion is (1) **granted** as to evidence of disciplinary action concerning witness Harry Burleigh, except for purposes of cross-examination in the event the witness opens the door to its introduction; (2) **denied** as to evidence of disciplinary action concerning defendant Mark Cain; if Cain takes the witness stand, plaintiff may inquire about the disciplinary action, and if supervisory defendants take the witness stand, plaintiff may inquire if they knew about the disciplinary action and what actions they took about it, but may not refer to Cain by name; (3) **denied as moot** with respect to complaints of other prisoners relating to prison urinalysis officers; (4) **denied** concerning actions of former defendant Michael Blandford when he was the urinalysis officer at MECC; (5) **granted** as to any testimony from plaintiff concerning alleged physical or mental injuries caused by defendants' actions, or the prognosis for any such injuries; and (6) **denied** as to evidence of Missouri Department of Corrections and MECC policies regarding urinalysis testing, and

as to the memo written by Dale Glass establishing protocol at MECC for target urinalysis testing. [Doc. 162]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine is **GRANTED in part** and **DENIED in part** as follows: the motion is (1) **denied** as to evidence of plaintiff's prior convictions and underlying crimes; defendants may introduce evidence that plaintiff is serving time for murder; defendants have represented to the Court that they do not intend to introduce any details concerning that crime or plaintiff's prior convictions, including for escape; (2) **granted** as to evidence of plaintiff's non-drug-related disciplinary record while in prison; (3) **granted** as to evidence of plaintiff's drug-related disciplinary record after he was transferred from MECC to other institutions, unless plaintiff opens the door to cross-examination based on this evidence; (4) **denied** as to evidence of plaintiff's participation in drug or alcohol rehabilitation programs while incarcerated; (5) **granted** as to evidence of plaintiff's instances of being "out of bounds" or escaping while incarcerated; (6) **granted** as to plaintiff's request that any physical restraints he is placed in while in the courtroom be hidden from the jury's view; (7) **granted** as to plaintiff's request that he be allowed to appear for trial in street clothes, which shall be the responsibility of plaintiff's counsel to provide; and (8) **denied** as to plaintiff's request that defendant officers be required to appear for trial in civilian clothing. [Doc. 165]

**IT IS FURTHER ORDERED** that counsel shall meet and confer in order to resolve their objections to each others' designated deposition excerpts and exhibit lists.

                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this __8th__ day of July, 2005.