**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JACKIE WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:01-CV-1223 CAS |
| | ) |
| GARY B. KEMPER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant Joel Carter.[1] As announced from the bench at the pretrial conference held July 7, 2005, the motion for default judgment will be denied, for the following reasons.

**Background**.

Defendant Carter was added as a party to this action by the First Amended Complaint filed June 19, 2003, through plaintiff's appointed counsel. The Court file reflects that no request was ever made to serve Carter with summons and complaint, and the Missouri Attorney General's office did not file an entry of appearance or a responsive pleading on behalf of Carter. At the pretrial conference, defendants' counsel Ms. Yates stated that Carter no longer works for the Missouri Department of Corrections and that although she did not know his whereabouts, plaintiff's counsel had located Carter out of state. Plaintiff's counsel conceded that Ms. Yates has consistently stated she does not represent Carter, and the Court notes that Ms. Yates made this assertion in responding to a motion to compel filed by plaintiff and also in a motion for summary judgment.

---

[1] This defendant is named in the amended complaint as "Joe Carter." Plaintiff has not sought to amend the complaint to change this defendant's name.

In support of the motion for default judgment, plaintiff relies on four facts to establish a waiver of the need for service of process on Carter and a voluntary general appearance by him in this action: (1) the Missouri Attorney General's office stated in mandatory disclosures filed December 22, 2003 that defendant Carter could be contacted through Assistant Attorney General Ms. Yates; (2) on March 10, 2004, the Missouri Attorney General's office supplemented defendants' initial disclosures by providing an out-of-state address but no telephone number for defendant Carter; (3) on April 20, 2004, defendant Carter was listed as a defendant represented by the Missouri Attorney General's office in Defendants' Supplemental Mandatory Disclosures filed April 20, 2004; and (4) defendant Carter appeared for telephone deposition on August 26, 2004, which appearance was arranged by the Missouri Attorney General's office, and during the deposition Ms. Yates objected to various questions posed to Mr. Carter and arranged for him to review the deposition transcript before signing it.

**Discussion**.

The general rule is that if a defendant is improperly served with process, a federal court lacks jurisdiction over the defendant. Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). Lack of jurisdiction over the person is a personal defense, however, "which may be waived if not timely asserted or properly preserved thereafter." Alger v. Hayes, 452 F.2d 841, 842-43 (8th Cir. 1972). Pursuant to Rule 12(b), Federal Rules of Civil Procedure, a defendant must assert the defense of insufficiency of service of process either in a responsive pleading or by motion. Pursuant to Rule 12(h), Fed. R. Civ. P., a party waives the defense of insufficiency of service of process "if it is neither made by motion under this rule nor included in a responsive pleading or an

amendment thereof permitted by Rule 15(a) to be made as a matter of course." Rule 12(h)(1), Fed. R. Civ. P.

In addition, "a party may waive the defense of insufficiency of service of process through defense of the action on the merits or other conduct inconsistent with the defense." Lee v. City of New York, 2002 WL 1732810, *3 (E.D.N.Y. Jul. 22, 2002). "A party makes a 'constructive appearance' in an action when the contacts between the parties clearly evidence an intent to defend." 6 C.J.S. Appearances § 18 at 22 (1975). An appearance may arise by implication "from a defendant's seeking, taking, or agreeing to some step or proceeding in [the] cause beneficial to himself or detrimental to plaintiff other than the one contesting only the jurisdiction of the court or by reason of some act or proceeding recognizing [the] case as being in court." Id.

In making a determination whether a party has waived its jurisdictional objections by means of some voluntary act,

> the court must focus its attention on the nature and extent of defendants' contacts with the court. Courts have typically held that actual knowledge of a suit coupled with extensive participation in pretrial proceedings will result in a waiver of the defense, especially where the delay has operated to the plaintiff's detriment. In contrast, limited participation in pretrial proceedings does not result in waiver of the defense, even where the defendant has actual knowledge of the suit.

Lee, 2002 WL 1732810, *4 (quoting Williams v. Helbig, 2001 WL 536946 (E.D.N.Y. May 21, 2001)). Significantly, the Eighth Circuit has held that neither another defendant nor that defendant's counsel can waive deficiencies of service of process on behalf of an unserved defendant. See Printed Media, 11 F.3d at 843.

In this case, the Court concludes that it lacks jurisdiction over defendant Carter. The record is clear that plaintiff did not serve Carter with summons and complaint. It is undisputed that Assistant

Attorney General Yates consistently informed plaintiff's counsel that she did not represent defendant Carter, who is no longer employed by the Missouri Department of Corrections. The few cited instances relied on by plaintiff to establish a voluntary waiver of service of process by Carter do not clearly evidence an intent to defend by Carter, and certainly do not constitute extensive participation in pretrial proceedings in the context of this case. Moreover, the Missouri Attorney General's office cannot waive the deficiency in service of process on Carter's behalf. See Printed Media, 11 F.3d at 843.

**Conclusion**.

For the foregoing reasons, the Court concludes plaintiff has failed to establish that defendant Carter waived the deficiency of service of process in this case. As a result, plaintiff's motion for default judgment against defendant Carter should be denied.

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment against defendant Joel Carter is **DENIED**. [Doc. 159]

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing no later than **July 18, 2005**, why his claims against defendant Carter should not be dismissed without prejudice for lack of service pursuant to Rule 4(m), Fed. R. Civ. P.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of July, 2005.