# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACKIE WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:01-CV-1223 CAS |
| GARY B. KEMPER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on two post-judgment motions filed by plaintiff: a motion for injunctive relief, and a motion for judgment as a matter of law or in the alternative for a new trial. Defendants oppose both motions. For the following reasons, plaintiff's motions for injunctive relief and for judgment as a matter of law should be denied. The Court will hold in abeyance its ruling on plaintiff's alternative motion for new trial until it obtains additional information from defendants' counsel as set forth in this memorandum and order.

**Background**.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that defendants violated his Fourth Amendment rights by targeting him for repeated, non-random urinalysis testing while he was incarcerated at the Missouri Eastern Correctional Center ("MECC"), and then retaliating against him for complaining about the targeted testing. At the time of trial, the remaining defendants were Gene Stubblefield, superintendent of MECC, and Mark Cain, a urinalysis and/or field officer at MECC. The case was tried to a jury over a four-day period beginning July 25, 2005. The jury returned its verdict in favor of defendants Stubblefield and Cain and against plaintiff. On July 29, 2005, the Court

issued its judgment accordingly. The judgment was entered by the Clerk of the Court on August 2, 2005.

**Discussion**.

    **A. Motion for Injunctive Relief**.

Plaintiff moves for entry of an injunction requiring the defendants and their attorneys to "take reasonable steps to implement a document retention policy for all written requests for targeted urinalysis testing." Plaintiff states that he requested injunctive relief in the Amended Complaint requiring the defendants to follow their own policies regarding urinalysis testing, including internal policies requiring defendants to create and maintain documentation of targeted urinalysis requests to prove that appropriate reasons for targeting inmates are being utilized. Plaintiff asserts that the fact the jury determined defendants were not liable for damages does not preclude entry of the injunctive relief he seeks. Plaintiff also notes the Court's comment to defendants' counsel that she should advise her clients to follow their policies regarding written requests for drug target tests.

Defendants respond that Eugene Stubblefield is no longer employed with the Missouri Department of Corrections and therefore any injunctive relief as to him would be moot, and that while Mark Cain is still employed with the DOC, his position as sergeant at Farmington Correctional Center does not give him the authority to either enforce or compel MECC to do anything. Finally, defendants respond that plaintiff Walker is no longer an inmate at MECC, but rather is at Western Correctional Center, and his transfer to a different prison renders his claim for injunctive relief against officials at the previous prison moot, citing Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999), and Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985).

Plaintiff replies that the requested injunctive relief is not moot even though Cain and Stubblefield are no longer at MECC, as an injunction directed to these defendants would not only bind them individually but also their attorneys (the Missouri Attorney General's Office) and all other prison officials with notice of the injunction, under Rule 65(d), Federal Rules of Civil Procedure. Plaintiff further replies that his transfer from MECC does not render injunctive relief moot because the complained-of violation is capable of repetition in the future. Plaintiff states that he will likely remain in the DOC's custody for the rest of his life, and has already been transferred between various institutions at least five times during his incarceration.

The Court finds that plaintiff's motion for injunctive relief should be denied on the basis that it is moot. The Eighth Circuit has repeatedly held that an inmate's claims for declaratory and injunctive relief to improve prison conditions are mooted when the inmate is transferred to another facility and is no longer subject to those conditions. See, e.g., Smith, 190 F.3d at 855 (inmate's transfer to different institution mooted First Amendment claims); Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (former inmates' Americans with Disabilities Act claims were mooted by their release on parole); Martin, 780 F.2d at 1337 (various claims to improve prison conditions were mooted by plaintiff's transfer to another institution). In this case, plaintiff was transferred to the Western Correctional Center and is no longer subject to the allegedly unlawful policies or conduct of MECC officials.[1] Under controlling Eighth Circuit precedent, his claim for injunctive relief is moot.

---

[1] To the extent plaintiff's motion for injunctive relief is based on the Court's comments after trial directed to defendants' counsel, the remarks were gratuitous and intended only to urge counsel to assist her clients in avoiding in the future problems of the type alleged by plaintiff.

3

The Court disagrees with plaintiff's assertion that because he is likely to be subject to the same conditions at MECC again, his case falls within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine. This exception "applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17 (1998) (internal quotations, brackets and citations omitted).

Plaintiff fails both prongs of this requirement. First, plaintiff has not shown that the duration of the alleged illegal conditions is "always so short as to evade review." Spencer, 523 U.S. at 18. Thus, "[p]utting aside whether this is a case that is 'capable of repetition,' it has not been shown to be of the type that necessarily 'evades review' . . . ." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172-73 (8th Cir. 1994) (footnote omitted). Although plaintiff's claims based on conditions at MECC are moot, "[i]t does not follow . . . that similar future cases will evade review." Id. at 1173.

Second, plaintiff has failed to show a reasonable probability that he will be subjected to the same conditions. See Spencer, 523 U.S. at 17. Plaintiff asserts that "it is not unlikely" he will again be confined at MECC at some point in the future. This possibility of retransfer to MECC is too speculative to be a basis for injunctive relief. There is no indication in the record that plaintiff is likely to be sent back to MECC. See Smith, 190 F.3d at 855 (citing Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975) (allegations of a likely transfer may not be based on mere speculation)). Plaintiff's motion for injunctive relief should therefore be denied as moot.

**B. Motion for Judgment as a Matter of Law, or in the Alternative for a New Trial**.

Plaintiff moves for judgment as a matter of law under Rule 50(b), Federal Rules of Civil Procedure, and in the alternative for a new trial under Rule 59. Plaintiff's grounds for the motion are that: (1) the Court erred in admitting evidence of plaintiff's prior positive drug tests; (2) evidence of plaintiff's drug tests after he left MECC was erroneously presented to the jury in violation of the Court's ruling on plaintiff's motion in limine; (3) the Court erred in refusing to submit plaintiff's proposed punitive damage instruction; (4) the jury's finding that plaintiff was not retaliated against is contrary to the weight of the evidence; and (5) the Court erred in allowing the trial to proceed without voluntarily dismissed defendant Michael Blandford.

Plaintiff's motion for judgment as a matter of law under Rule 50(b) must be denied. As a general rule, "a party must have made a timely and proper motion for judgment as a matter of law under Rule 50(a) at the close of all the evidence to preserve the ability to renew the motion for judgment under Rule 50(b)." James Wm. Moore, et al., Moore's Federal Practice § 50.40 (3d ed. 2005); see Mathieu v. Gopher News Co., 273 F.3d 769, 776 (8th Cir. 2001) (citing Moore's); Douglas County Bank & Trust Co. v. United Financial Inc., 207 F.3d 473, 478 (8th Cir. 2000). Plaintiff did not file a motion for judgment as a matter of law under Rule 50(a), and therefore the Court may not consider the Rule 50(b) motion.

The Court turns to plaintiff's motion for a new trial. It is almost entirely within the discretion of the trial court whether to grant a new trial. See Federal Rule of Civil Procedure 59(a); Citizens Bank of Batesville, Arkansas v. Ford Motor Co., 16 F.3d 965, 967 (8th Cir. 1994). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive

damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996).

The Court finds it appropriate to first address plaintiff's fifth point, that it was error to allow the trial to proceed in the absence of defendant Michael Blandford. In March 2004, defendants' counsel represented to the Court that Mr. Blandford was unavailable to participate in discovery or trial because he was on active military duty in Iraq. By order dated May 20, 2004, the Court stated as follows:

> The parties previously appeared before the Court at its discovery motion docket on March 18, 2004, and the Court granted plaintiff Walker's motion to compel and his motion to modify the Case Management Order to extend the discovery deadline to May 31, 2004. At the discovery hearing, the parties informed the Court that a key defendant, Michael Blandford, is serving in the military in Iraq and it is unknown when he may return to this country. The parties expressed tentative agreement that the case may need to be stayed or otherwise held in abeyance until this defendant returns. The Court directed the parties to complete all other discovery and then report back on the status of the case. The parties recently contacted the Court informally and requested that the discovery deadline be extended, and stated there was no change in defendant Blandford's status.

Order of May 20, 2004 at 1. The Court vacated the June 2004 trial setting, extended the discovery deadline, and ordered plaintiff's counsel to notify the Court in writing on or before September 28, 2004 "whether defendant Blandford has returned to this county and whether plaintiff Walker is requesting that this matter be stayed or otherwise held in abeyance." Id. at 2.

On September 28, 2004, in response to the Order of May 20, 2004, plaintiff filed a motion to stay his claims against Blandford under Rules 20(b) and 42(b), Federal Rules of Civil Procedure. See [Doc. 100]. By Memorandum and Order dated November 3, 2004, the Court denied plaintiff's motion to stay the claims against Blandford, which it construed as a motion to sever, but stated it was "inclined to order the case stayed pending defendant Blandford's return to this country" and granted

the parties twenty days to file any written objections to the proposed stay order. Mem. and Order of Nov. 3, 2004 at 7-8 [Doc. 107]. On November 16, 2004, plaintiff moved to voluntarily dismiss his claims against Blandford with prejudice [Doc. 109], which the Court granted. Plaintiff subsequently filed a written opposition to the proposed stay, requesting that the case not be stayed, and asked for a modification of the Case Management Order to permit certain additional, limited discovery. See Doc. 112. The Court modified the Case Management Order as requested by plaintiff and set the matter for trial in July 2005. See Doc.114.

Plaintiff asserts that he is entitled to a new trial because he learned on the first day of trial that Blandford may have returned from military service as long as a year before trial, but defendants' counsel has denied plaintiff's attorneys permission to speak with Blandford and refused to make any inquiries concerning him to the DOC. Plaintiff also states that he issued multiple interrogatories inquiring into Blandford's employment status with the DOC, and therefore defendants and their counsel had an ongoing duty under Rule 26(e), Fed. R. Civ. P., to supplement their discovery responses and provide Blandford's current employment information, specifically, when he returned to the United States and resumed his employment with the DOC.

Plaintiff asserts that he was significantly prejudiced by defense counsel's "factually incorrect statements" because many of his allegations were based upon harassment by Blandford, and he detrimentally relied on the representations of defendants' counsel concerning Blandford's tour of duty in dismissing his claims against Blandford. Moreover, plaintiff asserts, it is uncontroverted that Blandford was back and working for the DOC at the time of trial, which is significant because Blandford was a key witness and had plaintiff known he was in the country, he could have deposed Blandford and at minimum presented his testimony at trial by deposition.

7

The Court will order defendants' counsel to file an affidavit addressing the following issues: (1) when did Michael Blandford return to the United States from Iraq; (2) when did Michael Blandford resume working for the Missouri Department of Corrections; and (3) on what date(s), in what manner, and from whom did defendants' counsel make inquiry into the foregoing issues during the course of this litigation from March 2004 to the present. The affidavit shall be filed within seven (7) days of the date of this order.

**Conclusion**.

For the foregoing reasons, the Court concludes that plaintiff's motions for injunctive relief and judgment as a matter of law should be denied. Plaintiff's alternative motion for new trial remains pending.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunctive relief is **DENIED**. [Doc. 188]

**IT IS FURTHER ORDERED** that plaintiff's motion for judgment as a matter of law is **DENIED**. [Doc. 191]

**IT IS FURTHER ORDERED** that defendants' counsel shall file an affidavit addressing the following issues: (1) when did Michael Blandford return to the United States from Iraq; (2) when did Michael Blandford resume working for the Missouri Department of Corrections; and (3) on what date(s), in what manner, and from whom did defendants' counsel make inquiry into the foregoing

issues during the course of this litigation from March 2004 to the present. The affidavit shall be filed no later than **September 29, 2005**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of September, 2005.